Ben Ruesch, Utah Bar No. 12646
Travis Dunsmoor, Nevada Bar No. 13111[1]
**RUESCH & REEVE, PLLC**
86 N 3400 W
Hurricane, UT 84737
(435) 635-7130 tel
(435) 635-7100 fax
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIAMOND G RODEOS, INC., a Utah corporation; STEVE GILBERT, an individual, CYNDI GILBERT, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> BRIAN JAMES GIFFORD, an individual; and DOES 1-10. <br><br> Defendants. | **COMPLAINT** |

COMES NOW, Diamond G Rodeos, Inc., Steve Gilbert and Cyndi Gilbert (hereafter "Plaintiffs"), by and through their attorneys Ben Ruesch and Travis Dunsmoor, complains and alleges against Brian James Gifford (hereafter referred to "Defendant" or "Gifford") as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Licensed to Practice in Utah under Rule 14-809

2. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, or a substantial part of property that is the subject of the action is situated in this district.

## THE PARTIES

3. Plaintiff Diamond G Rodeos, Inc. (hereinafter, "Diamond G") is a corporation organized and existing under the laws of the State of Utah, with its principal place of business in Toquerville, Washington County, Utah.

4. Plaintiff Steve Gilbert is an individual and officer of Plaintiff Diamond G Rodeos, Inc.

5. Plaintiff Cyndi Gilbert is an individual and officer of Plaintiff Diamond G Rodeos, Inc.

6. Defendant Bryan James Gifford is an individual, and a citizen of the State of Wyoming.

7. The Doe defendants are individuals or entities whose current identities are unknown to Plaintiffs but who may be liable for the relief sought by Plaintiffs in this complaint by virtue of their relationship with the named defendants or by virtue of their own independent actions or omissions. Plaintiffs reserves the right to amend this complaint to assert claims for relief against the Doe defendants in their real names and capacities should Plaintiffs discover, through discovery or otherwise, the true identities of the Doe defendants or should Plaintiffs determine that additional claims for relief exist against the Doe defendants.

## GENERAL ALLEGATIONS

8. Plaintiffs reincorporate and reallege the foregoing paragraphs of this Complaint as if set forth in full in this Paragraph.

9. Diamond G is one of the Country's oldest and most respected stock contractors in the business of providing livestock to top Professional Bull Riders ("PBR") and Professional Rodeo Cowboys Association ("PRCA") Rodeos and events nationwide.

10. Diamond G is also a livestock breeder with several hundred animals spread across its 250,000+ acres of ranchland in Southern Utah.

11. All of Diamond G's livestock are branded with the Diamond "G" brand shortly after acquisition or when livestock is old enough to be branded.

12. Defendant Gifford was employed as Ranch Manager for Plaintiff Diamond G Rodeos, Inc., from September 1, 2021, until his discharge on or about April 21, 2022.

13. As part of his duties as ranch manager, Defendant was required to gather and transport livestock to PRCA rodeo and PBR events, comply with State and Federal laws for testing and health inspections; interact with rodeo committees and independent contract personnel, acquire livestock through purchase at auction, ensure the animals are properly fed and cared for, maintain ranch and grazing facilities and other duties.

14. While working at Diamond G, on or about December, 2021, Defendant, without authorization or permission, removed at least three (3) Diamond G Animals bearing the Diamond "G" Brand and transported them out of the State of Utah without the approval of Plaintiffs. The Diamond G Animals taken by Defendant on or about December, 2021 include, but are not limited to the following animals (Brand Number, Name – Type):

    a. No. 08, Gravity Falls – Mare;

    b. No. 51, Frosted Sugar – Mare; and

    c. No. 847, Hide & Watch – Mare.

15. Following his discharge from Diamond G, amidst moving back to Wyoming, Defendant, without authorization or permission, removed several additional Diamond G Animals bearing the Diamond "G" brand and transported them out of the State of Utah without approval of Plaintiffs. The Diamond G livestock taken by Defendant following his discharge include, but are not limited to, the following animals (Brand No., Name - Type):

   a. No. 11, Paints Gone - Mare;

   b. No. 1V, Rezless Cat - Mare;

   c. No. 41, Taylor Made - Mare;

   d. No. 44, My Buddy - Mare;

   e. No. 52, Bailey Boo - Mare;

   f. No. 02G, Quirky Cat - Mare;

   g. No. 03G, Falling Out - Gelding;

   h. No. 01G, Buddy Up - Gelding;

   i. No. 05G, Boo's Magic - Gelding; and

   j. No. 07G, Taylor's Matrix - Gelding.

   (Hereinafter collectively referred to as the "Diamond G Livestock").

16. The Diamond G livestock have intrinsic value, value in the animals' use in rodeos, events and competitions, and breeding value, especially in animals with success in events and rodeos.

17. Upon information and belief, the livestock has since been sold, traded, and/or transported to Wyoming and been used in Defendant's own livestock contracted events.

18. Following Defendant's discharge from Diamond G, and after he moved back to Wyoming, he made false and inflammatory statements via email and Facebook posts about Diamond G and its owners the Gilberts to Diamond G business associates, rodeo committees, rodeo personnel and individuals involved and working in the rodeo and western world, as well as on social media and on sites where Plaintiffs have been damaged by the false and inflammatory statements.

**FIRST CLAIM FOR RELIEF**
**(Conversion)**

19. Plaintiffs hereby incorporate and reallege all other paragraphs of this Complaint as if fully set forth herein.

20. Without Plaintiffs' permission, Defendant took, transported, or otherwise removed Diamond G livestock from Diamond G Ranches and transported them across State lines.

21. Plaintiffs never authorized Defendant to take said livestock off Diamond G Ranch property.

22. Defendant has refused to return the Diamond G livestock animals to Plaintiff's possession.

23. Defendant, as bailee, has converted said Diamond G livestock through his acts in derogation of Plaintiff/bailor's possessory rights.

24. Plaintiff had ownership of the Diamond G livestock at the time of the trespass or conversion.

25. The Defendant interfered with the Plaintiff's exclusive right to possession of the Diamond G livestock, by failing to return it to Plaintiff when it was requested.

26. Defendant has no right, title or interest to maintain possession of the Diamond G livestock.

27. Defendant intentionally and unreasonably interfered with Plaintiff's use, exclusive use, and enjoyment of the Diamond G livestock, proximately causing injury to the legally protected interests of Plaintiff.

28. Plaintiff has suffered damages, including loss of use of the Diamond G livestock from the date of the trespass or conversion in an amount to be determined at trial, but in no event an amount less than $75,000.00.

29. Plaintiff is also entitled to be awarded punitive damages for Defendant's actions.

### SECOND CLAIM FOR RELIEF
### (Tortious Interference)

30. Plaintiffs hereby incorporate and reallege all other paragraphs of this Complaint as if fully set forth herein.

31. Defendant made improper, inflammatory, and untrue statements to Plaintiff's existing or potential business relationships in the PBR, PRCA and amateur rodeo circuits.

32. Defendant's purpose in making said statements was to intentionally interfere with Plaintiffs' business and economic relationships.

33. Defendant has used Diamond G livestock in rodeo and equine events without Plaintiff's consent or approval and depriving Plaintiffs of the benefit of the animals' ownership and use.

34. Plaintiffs suffered damages in an amount to be determined at trial, but in no event an amount less than $75,000.00.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

35. Plaintiffs reincorporate and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

36. Defendants received a benefit from Plaintiff without providing Plaintiff with any return benefit.

37. Defendants knew that he received a benefit from Plaintiff.

38. Under the circumstances, it would be unjust for Defendants to retain the benefit he has received from Plaintiffs without providing Plaintiffs with any return benefit.

39. Plaintiffs are entitled to recover the amount of any and all benefits that Defendant and his agents have received from him, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Defamation)

40. Plaintiffs reincorporate and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

41. After being discharged, Defendant published derogatory statements about Plaintiffs Diamond G Rodeos, Inc., Steve Gilbert and Cyndi Gilbert, their business practices, the quality of their animals, their ranching and rodeo skills, their skill at breeding and rearing animals, called them derogatory names and made false and vicious accusations against them on industry message boards, emails to industry professionals, and public Facebook profiles through local business social media and websites.

42. Defendant's statements were false and defamatory.

43. Defendant's statements were not subject to any privilege and Plaintiffs are not public figures.

44. Defendant knew the statements were false when he published them, and were published with the purpose of harming Plaintiffs' business and reputations.

45. Plaintiffs suffered damages in an amount to be determined at trial, but in no event an amount less than $250,000.00.

## FIFTH CLAIM FOR RELIEF
### (Interference with Economic Relations)

46. Plaintiffs reincorporate and reallege the foregoing paragraphs of this Complaint as if set forth in full in this Paragraph.

47. Defendant either intentionally or negligently interfered with Plaintiffs' existing and potential economic relations.

48. Defendant did this for an improper purpose or by improper means.

49. By so doing, Defendant caused Plaintiffs to suffer embarrassment and damages.

50. Defendant is liable to Plaintiffs for all such damages.

## SIXTH CLAIM FOR RELIEF
### (False Light Invasion of Privacy)

51. Plaintiffs reincorporate and reallege the foregoing paragraphs of this Complaint as if set forth fully in this paragraph.

52. Defendant publicized matters concerning the Plaintiffs' business and personal lives in industry message boards, public Facebook forums, emails, telephone and in-person conversations that placed them before the public in a false light.

53. The false light in which Plaintiffs were placed would be highly offensive to a reasonable person.

54. Defendant knew or recklessly disregarded the falsity of the publicized matter and the false light in which the Plaintiffs were placed.

55. By doing so, Defendant caused Plaintiffs to suffer embarrassment and damages.

56. Defendant is liable to Plaintiffs for all such damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

   a. For direct and consequential damages in an amount to be proven at trial but believed to be not less than $250,000.00;

   b. For punitive damages as the court sees fit to award;

   c. For pre- and post-judgment interest;

   d. For an order enjoining Defendant Gibson from publishing false and derogatory statements about Plaintiffs.

   e. For an award of attorney fees and costs as may be allowed by law; and

   f. For such other and further relief as the Court deems just, equitable, or proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel of record, makes demand for Jury Trial on the causes of action pleaded herein, and that due notice of the trial date be given the undersigned.

DATED this 18th day of November, 2022.

**RUESCH & REEVE, PLLC**

/s/ Ben Ruesch
Ben Ruesch
Attorneys for Plaintiff