IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIAMOND G RODEOS, INC., a Utah corporation; STEVE GILBERT, an individual; and CYNDI GILBERT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN JAMES GIFFORD, an individual; and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECUSE JUDGE KOHLER<br><br><br><br>Case No. 4:22-cv-00089-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Brian James Gifford filed a Motion seeking the recusal of District Judge David Nuffer and Magistrate Judge Paul Kohler.[1] This Order addresses the Motion only as it relates to the undersigned. For the reasons discussed below, the Court denies the Motion to recuse Judge Kohler.

Motions seeking disqualification may be brought pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] Docket No. 27, filed June 15, 2023.

1

Defendant failed to comply with the requirements of § 144 because he did not submit any affidavit—let alone one that could be considered "timely and sufficient" under the statute. Even though Defendant is proceeding pro se, he is not excused from complying with the applicable procedural requirements.[2] This procedural defect alone defeats Defendant's Motion under § 144.[3]

Even if Defendant had complied with the procedural requirements, his Motion fails on the merits. As to Judge Kohler, Defendant's Motion is based on Plaintiff Cyndi Gilbert being a member of the merit selection panels charged with evaluating the applicants for the open magistrate judge positions for which Judge Kohler was ultimately selected.[4] Defendant points to nothing suggesting that Judge Kohler possesses a personal bias or prejudice against him or toward Ms. Gilbert based on her participation on the selection panel. Moreover, it was the District Judges in this District that ultimately made the selection and appointment decision, not Ms. Gilbert or even the selection panel. And, because the panel performs its duties in strict confidence,[5] Ms. Gilbert's opinions about Judge Kohler remain unknown.

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "A judge has a continuing duty to recuse under § 455(a) if sufficient factual

---

[2] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).
[3] *Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997).
[4] *See* General Orders 18-005, 21-013.
[5] Volume 3, Chap. 4, § 420.30.30(b) of the Guide to Judiciary Policy.

grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality."[6] However, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[7] "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[8] As the Tenth Circuit has emphasized, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[9]

Here, Defendant has pointed to nothing to suggest that the undersigned's impartiality might reasonably be questioned. At best, Defendant has pointed to evidence suggesting that Judge Kohler has interacted with Ms. Gilbert at points in the past. But mere familiarity with a party is not sufficient to warrant disqualification.[10] Without more, Defendant's motion is premised on "speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters," which does not satisfy the requirements for disqualification under § 455(a).[11]

It is therefore

ORDERED that Defendant's Motion to Disqualify (Docket No. 27) is DENIED as it relates to Judge Kohler. The Motion shall remain pending as it relates to Judge Nuffer.

---

[6] *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000).

[7] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[8] *Id.*

[9] *Id.* at 994 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[10] *Id.*

[11] *Id.* at 993.

DATED this 1st day of August, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge

4