THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DIAMOND G RODEOS, INC., a Utah Corporation; STEVE GILBERT, an individual; and CYNDI GILBERT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN JAMES GIFFORD, an individual; and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECUSE JUDGE DAVID NUFFER**<br><br>Case No. 4:22-cv-00089-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Brian James Gifford ("Gifford") filed a pro se Motion to Recuse District Judge David Nuffer and Magistrate Judge Paul Kohler ("Motion")[1] seeking the recusal of District Judge David Nuffer and Magistrate Judge Paul Kohler based on their familiarity with Plaintiff Cyndi Gilbert and allegations that court staff have prior experience with Gifford that creates the appearance of bias.[2] Judge Kohler entered a Memorandum Decision and Order Denying Motion to Recuse Judge Kohler.[3] The Motion against Judge Nuffer is DENIED because Gifford has not alleged facts that create an appearance of bias or prejudice and because court staff handling the matter have no prior knowledge or involvement with Gifford.

---

[1] Docket no. 27, filed June 15, 2023.

[2] Motion, docket no. 27, filed June 15, 2023, at 1-2.

[3] Docket no. 30, filed August 1, 2023.

**LEGAL STANDARD**

A judge has a duty to recuse from "a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."[4] Although not cited directly by Gifford, two statutes provide guidelines for judicial recusal. 28 U.S.C. § 144 ("Section 144") provides that "a party to any proceeding" may file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" and if sufficiently demonstrated, the "judge shall proceed no further therein . . . ." Failure to file an affidavit normally defeats a motion under Section 144.[5]

Additionally, 28 U.S.C. § 455 ("Section 455") provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification under Section 455 is objective; "disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality."[6] A reasonable person is a hypothetical "well-informed, thoughtful and objective observer," "an average member of the public," and "not a hypersensitive, cynical, and suspicious person."[7] Judges have both a strong duty to recuse where appropriate and not to recuse where it is inappropriate. Recusal should not be the result of "the merest unsubstantiated suggestion of

---

[4] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).

[5] *See Sullivan v. Hartford Fin. Servs. Grp., Inc.*, No. 22-3118, 2023 WL 4635888, at *4 (10th Cir. July 20, 2023).

[6] *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (internal quotation marks and citation omitted).

[7] *Id.* (cleaned up).

personal bias or prejudice."[8] "An unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal under section 455."[9]

## DISCUSSION

Gifford raises four reasons for the recusal of Judge Nuffer or Judge Kohler: (1) "Long-standing familiarity" over "more than a quarter of a century" with the Gilbert Plaintiffs; (2)Judge Nuffer's involvement in the "Appointment of Cyndi Gilbert" to a Magistrate Judge Selection Panel;[10] (3) Magistrate Judge Kohler's appointment as a Magistrate Judge with the recommendation of a selection panel that included Plaintiff Cyndi Gilbert;[11] and (4) the familiarity of Rebekah Duncan, a former Judge Nuffer law-clerk, that is alleged to have pressed charges against Gifford in her prior role as a prosecutor with the county attorney's office.[12]

As applied to Judge Nuffer, Gifford's arguments amount to an allegation that Judge Nuffer is familiar with the Gilbert Plaintiffs and that a former law clerk had involvement in prior employment in a criminal case against Mr. Gifford. Mr. Gifford alleges that these allegations "give rise to a perception of bias or lack [of] impartiality, undermining the integrity of the judicial process. Gifford's Motion does not meet the requirements of Section 144 because no affidavit was filed with the Motion. And under Section 455, the Motion does not allege sufficient facts to create a reasonable appearance of prejudice or bias.

---

[8] *Id.*

[9] *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988).

[10] Gifford actually alleges this fact as to the impartiality of Judge Kohler, but this alleged fact will be considered with Gifford's arguments regarding Judge Nuffer's familiarity with the Gilberts.

[11] This fact again seems pointed towards Judge Kohler, but will also beconsidered with the argument about Judge Nuffer's familiarity with the Gilberts.

[12] Motion at 1-2.

3

1. **Gifford's Motion Does Not Meet the Requirements of Section 144**

Section 144 provides for the recusal of a Judge after a party files an affidavit demonstrating "personal bias or prejudice either against him or in favor of any adverse party . . . ." Gifford does not specifically cite Section 144 in his Motion, but the Motion has been liberally construed to provide Gifford a fair opportunity to be heard. Under Section 144, his Motion cannot be granted because it does not meet the requirement that he must have filed an affidavit. While pro se filings are liberally construed by courts, courts do not become advocates for pro se parties[13] and pro se "litigants are subject to the same rules of procedure that govern other litigants."[14] Gifford's motion fails under Section 144 because it does not meet the requirements of the statute.[15]

2. **Gifford's Allegations of Judge Nuffer's Familiarity with Plaintiffs is Insufficient to Require Recusal**

Disqualification under Section 455 may occur when the "appearance of impartiality [is] affected by a judge's relationships with participants in the case."[16] When the Judge's relationship with a party or participant in a case is "involved, the court engages in a fact-intensive inquiry into the appearance to a reasonable observer."[17] A judge's professional relationship with a victim, or a judge's professional interactions with different parties in a professional capacity such as the U.S. Attorney's office, or Federal Public Defender's Office, or court personnel does not ordinarily create an expectation of recusal.[18]

---

[13] *Serna v. Cooksey*, No. 22-2063, 2023 WL 2320328, at *2 (10th Cir. Mar. 2, 2023), cert. denied, No. 23-403, 2024 WL 72393 (U.S. Jan. 8, 2024).

[14] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

[15] *United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988).

[16] *United States v. Saavedra*, No. 22-2149, 2024 WL 855199, at *2 (10th Cir. Feb. 29, 2024).

[17] *Id.*

[18] *Id.* at *2-3.

Here, Gifford alleges a general familiarity between Judge Nuffer and the Gilbert Plaintiffs, but does not offer any specific facts to support his conclusion. Thus, he has not stated facts that would cause a reasonable observer to perceive prejudice or bias against Gifford or in favor of Plaintiffs. Judge Nuffer has practiced law for decades both in private practice and as a member of the judiciary and routinely interacts with many members of the bar in Utah, and particularly Washington County, Utah. This includes Cyndi Gilbert, a local attorney. His familiarity with the Gilberts stemming from these professional interactions is of the same type that the Tenth Circuit has explained do not require recusal.[19] A reasonable observer would not harbor doubts about Judge Nuffer's impartiality based on the alleged facts. Nor does Judge Nuffer have a close personal relationship with the Gilberts as would create the potential appearance undercutting impartiality. As to Judge Nuffer's familiarity with the Gilbert Plaintiffs, the Motion is DENIED.

3. **Court Staff Assisting in This Case Have No Knowledge or Experience that Reasonably Creates the Appearance of Bias**

Gifford alleges that a former law clerk for Judge Nuffer, Ms. Duncan, when employed by the County Attorney's office prior to clerking, was involved in prosecuting a state case against Gifford. However, for the duration this matter has been pending before Judge Nuffer, Ms. Duncan has had no role in the case, and has not provided or been provided any information. And since August 2023, Ms. Duncan is no longer a member of court staff. This case has been staffed exclusively by a clerk and court staff that have no knowledge of any of the parties other than what has been presented in the filings in this case. Such circumstances do not require recusal.[20]

---

[19] *See id.*

[20] *See Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1312 (10th Cir. 2015).

A reasonable observer presented with the facts about how this case is being staffed would have no reasonable belief that bias or prejudice exists in this matter.

## ORDER

IT IS HEREBY ORDERED that the Motion[21] is Denied.

Signed March 12, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[21] Docket no. 27, filed June 15, 2023.