UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DIAMOND G RODEOS, INC., a Utah Corporation; STEVE GILBERT, an individual; and CYNDI GILBERT, an individual,<br><br>　　　　　　Plaintiffs,<br>v.<br>BRIAN JAMES GIFFORD, an individual; and DOES 1-10,<br><br>　　　　　　Defendants.<br><br>―――――――――――――――――<br>AND RELATED COUNTERCLAIMS | REPORT & RECOMMENDATION<br><br>Case No. 4:22-cv-00089-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

　　　This matter is before the Court on Plaintiffs' Motion for Terminating Sanctions.[1] Due to the nature of the sanctions sought by Plaintiffs in their motion, the undersigned is issuing this report and recommendation. For the reasons discussed below, it is recommended that Motion be granted.

I.  BACKGROUND

　　　In June 2023, Plaintiffs served their first set of discovery requests on Mr. Gifford.[2] Mr. Gifford responded on July 18, 2023, but his responses were largely non-responsive to Plaintiffs' requests.[3] The Court held a case management conference on October 3, 2023.[4] At that time, Defendant Gifford was representing himself but stated that he was attempting to obtain counsel.

---

[1] Docket No. 59, filed April 22, 2024.

[2] Docket No. 36-1.

[3] Docket No. 36-2.

[4] Docket No. 32.

1

After Mr. Gifford failed to adequately respond to Plaintiffs' discovery requests, Plaintiffs filed a Short Form Discovery Motion.[5] On November 7, 2023, a status conference was held and Mr. Gifford, again acting pro se, was ordered to supplement his discovery responses by November 28, 2023.[6] At a follow-up status conference on December 6, 2023,[7] Mr. Gifford, still pro se, was again ordered to supplement his discovery responses to address the deficiencies set out in Plaintiffs' Short Form Discovery Motion.[8] Also at the December hearing, the Court ordered Plaintiffs to respond to Mr. Gifford's discovery requests. Both Plaintiffs' response and Mr. Gifford's supplement were due by December 20, 2023.

A third status conference was held on January 3, 2024.[9] The parties discussed the issues of Mr. Gifford's representation and the pending discovery disputes. Plaintiffs were ordered to file supplemental briefing by January 23, 2024, advising the Court what discovery requests have and have not been answered, and what sanctions, if any, were appropriate. Mr. Gifford was ordered to respond to the supplemental briefing on or before February 13, 2024. In the interim, Mr. Gifford was ordered to produce responses to discovery requests as previously directed.

On January 23, 2024, Plaintiffs filed the ordered progress report.[10] In that report, Plaintiffs asserted that the following discovery requests remained outstanding: Request for Admission No. 1; Request for Production ("RFP") Nos. 1, 2, 4, 5, 7, 8, 9, and 11; and Interrogatory Nos. 1–7. Plaintiffs also requested (1) terminating sanctions, leaving for trial only the issue of Plaintiffs'

---

[5] Docket No. 36.
[6] Docket No. 37.
[7] Docket No. 41.
[8] Docket No. 36.
[9] Docket No. 43.
[10] Docket No. 48.

damages; (2) that the Court hold Mr. Gifford in contempt subject to whatever fines or penalties the Court deems appropriate; and (3) awarding Plaintiffs their attorney fees and costs resulting from Mr. Gifford's continuous and intentional violation of at least three of this Court's orders and the discovery process.

On February 23, 2024, the Court issued an order on Plaintiffs' previously filed Short Form Discovery Motion.[11] In that order, the Court went through each of the discovery responses that Plaintiffs contended were inadequate. The Court made specific findings as to each discovery request and provided Mr. Gifford with explicit detail on which responses were deficient and what he needed to do to cure them. The Court also awarded Plaintiffs their attorney fees incurred in preparing the supplemental memorandum and warned Mr. Gifford that failing to comply with discovery requests as ordered could result in sanctions up to and including default judgment.[12] Mr. Gifford was given until March 22, 2024, to produce responses to the written discovery as ordered. He failed to do so and instead filed a largely unresponsive affidavit.[13] Thereafter, District Judge David Nuffer advised Mr. Gifford that failing to comply with the rules of procedure could result in severe sanctions.[14]

Plaintiffs' counsel provided an accounting to Mr. Gifford on March 22, 2024, but Mr. Gifford refused to respond.[15] Plaintiffs have also reached out to Mr. Gifford to try to schedule his deposition, but he has not responded.[16] Plaintiffs also submitted revised discovery requests, as

---

[11] Docket No. 52.

[12] *Id.*, at 15.

[13] Docket No. 57.

[14] Docket Nos. 55, 56.

[15] Docket No. 58-1, at 1, 2, and 6.

[16] *Id.*, at 4.

allowed by the Court's February 23rd Order. Mr. Gifford failed to respond. In sum, Mr. Gifford has failed to respond to several discovery requests and appears to be withholding relevant information.

Plaintiffs filed the instant motion on April 22, 2024.

On May 2, 2024, the Court held a hearing on Plaintiffs' sanctions motion. Mr. Gifford failed to appear at that hearing.[17]

## II.  DISCUSSION

Fed. R. Civ. P. 16(f)(1)(A) and (C) provide for the imposition of sanctions under Rule 37 if a party fails to appear at a pretrial conference or fails to obey a pretrial order. Rule 37(b)(2)(A) provides for several, discretionary sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[18]

Many of these same sanctions are also available when a party fails to respond to interrogatories or produce documents.[19]

---

[17] Mr. Gifford sent an e-mail message to Magistrate Judge Kohler's Chambers the day after the hearing advising he had trouble logging on to the Zoom link. But Mr. Gifford did not attempt to call or send an e-mail message to chambers on the day of the scheduled hearing. Instead, he attempted (before the hearing) to excuse himself from the hearing and waited an entire day (after the hearing) before reaching out to the Court.

[18] Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

[19] Fed. R. Civ. P. 37(d)(3).

When determining an appropriate sanction under Rule 37(b)(2)(A), a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[20] The *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[21]

Here, Plaintiffs again seek dispositive sanctions. "[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[22] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[23]

Taking the *Ehrenhaus* factors in turn, it appears that now is the appropriate time to recommend imposition of terminating sanctions.

---

[20] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[21] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[22] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[23] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

A. DEGREE OF ACTUAL PREJUDICE TO PLAINTIFFS

The Court has previously determined that Plaintiffs are prejudiced by Mr. Gifford's repeated failures to participate in the litigation.[24] Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[25] In this case, Plaintiffs have made dozens of attempts to gather discovery so that this case can proceed. Over a period of several months, Plaintiffs have been unsuccessful in obtaining such discovery from Mr. Gifford. The Court has ordered Mr. Gifford to supplement his discovery responses four times, but his answers continue to be deficient. Continued failures to respond appropriately to discovery requests is clearly prejudicial to Plaintiffs.

B. AMOUNT OF INTERFERENCE WITH JUDICIAL PROCESS

As laid out in Plaintiffs' motion for sanctions, Mr. Gifford has failed to comply with at least four of this Court's discovery orders. Mr. Gifford has provided "document dumps" that are either nonresponsive to the remaining discovery requests or filled with empty promises that he is working on the discovery or seeing "what [he] can dig up."[26]

---

[24] Docket No. 52, at 14.

[25] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that delay "would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

[26] Docket No. 59, at 3–4.

Specifically, Mr. Gifford has completely failed to respond to Interrogatory No. 3 and RFP No. 7,[27] and his responses to RFP Nos. 4, 6, 9, and 11[28] are clearly deficient. All of Mr. Gifford's responses indicate that he was working on gathering discovery. Despite being given several chances and more than enough reminders, Mr. Gifford never supplemented his responses with more information or the records he claimed to be working towards obtaining. Over several months, this case has essentially come to a stand-still.

Additionally, Mr. Gifford argued in one of his affidavits that the undersigned's sanctions order somehow threatened him and that the undersigned should no longer hold office because such "threats" are "not good behavior."[29] Mr. Gifford also insinuates that the Court has been partial to

---

[27] Interrogatory No. 3 asks Mr. Gifford to identify all horses and bulls that he has listed or otherwise put up for sale since April 1, 2020.

RFP No. 7 requests production of all recordings made of telephone or oral conversations (1) between Mr. Gifford and Steve Gilbert and/or Cyndi Gilbert and (2) between Mr. Gifford and any other person in which Steve Gilbert, Cyndi Gilbert, or Diamond G was discussed or referenced. The Court limited this request to recordings made from 2021 to the present. Docket No. 52, at 10.

[28] RFP No. 4 requests production of all social media posts and communications Mr. Gifford has made (or had others make on his behalf) since May 2019 which refer or relate to Diamond G Rodeos, Diamond G Ranches, Steve L. Gilbert, and/or Cyndi Gilbert.

RFP No. 6 requests production of all videos taken from January 1, 2020, to December 31, 2022, which show or otherwise depict any Diamond G horses, colts, bulls, or other livestock, whether filmed by Mr. Gifford or provided to him by someone else. This includes any setting and for any purpose, including but not limited to practices, events, as well as any surveillance video. The Court narrowed the scope by requiring only production of videos filmed by Mr. Gilbert that are currently in his possession. Docket No. 52, at 10.

RFP No. 9 requests production of phone records for all phones used by Mr. Gifford from December 1, 2021, to the present. The Court allowed for an alternative; Mr. Gifford could have consented to Plaintiffs issuing a subpoena for these phone records. Docket No. 52, at 11.

RFP No. 11 requests production of all documents related to the sale of Mr. Gifford's home, furniture, lawnmowers, welders, and household items, and which support his claimed loss of income resulting from his decision to move to Utah and work for Diamond G.

[29] Docket 57, at 2.

the Giffords, factually inaccurate, and unjust.[30] He even informed the Court that attending the scheduled motion hearing would be a burden on him. Mr. Gifford took it upon himself to excuse his absence from the May 2, 2024, hearing. Such blatant disregard for this Court's authority is inappropriate and severely interferes with the judicial process. In essence, Mr. Gifford has decided that he will no longer participate in this litigation—at least as directed by the Court and the applicable rules.

C. CULPABILITY OF THE LITIGANT

The Court has already found Mr. Gifford clearly culpable. Nothing has changed since the undersigned's last sanctions order to change his culpability. Instead, Mr. Gifford continues to ignore this Court's admonitions and has gone as far as to say that his participation in the motion hearing would be a hardship on him. Mr. Gifford's selfish actions continue to show his inability to take responsibility for his failures.

D. DUE PROCESS WARNING OF POSSIBLE DISPOSITIVE SANCTIONS

Mr. Gifford has been sufficiently warned that failure to abide by court processes and orders would result in dispositive sanctions up to and including default judgment. The undersigned warned him of such a sanction in the order dated February 23, 2024, and District Judge David Nuffer has also issued two similar warnings. Due process is satisfied.

E. EFFICACY OF LESSER SANCTIONS

The Court has attempted to gain Mr. Gifford's compliance with lesser sanctions. The Court ordered him to pay for Plaintiffs' attorney's fees in preparing their supplemental memorandum, an amount below what they requested. Mr. Gifford has made no effort to pay those fees or even discuss them with Plaintiffs' counsel. Mr. Gifford's actions clearly indicate his unwillingness to

---

[30] *Id.*, at 7.

acknowledge, confer about, or pay the previously ordered attorney fee sanction. Given his failure to comply with lesser sanctions, it is unlikely that non-dispositive sanctions would be effective in this scenario; they would only be a catalyst for more litigation and would continue to unnecessarily draw out this case. There is "no doubt tolerating such behavior would encourage only more of it."[31]

### III. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that Plaintiff's Motion for Terminating Sanctions, Docket No. 59, be GRANTED. Specifically, the undersigned recommends entering default judgment against Mr. Gifford on Plaintiffs' claims, dismissing Mr. Gifford's counterclaims, and ordering Mr. Gifford pay Plaintiffs' costs and fees incurred in preparing their motion for sanctions.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6th day of May, 2024.

BY THE COURT,

PAUL KOHLER
United States Magistrate Judge

---

[31] *Lee*, 638 F.3d at 1321.