THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DIAMOND G RODEOS, INC, a Utah Corporation; STEVE GILBERT, an individual; and CYNDI GILBERT, an individual,<br><br>  Plaintiffs,<br><br>v.<br><br>BRIAN JAMES GIFFORD, an individual; and DOES 1-10,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY ENFORCEMENT OF JUDGMENT**<br><br>Case No. 4:22-cv-00089-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Brian Gifford ("Gifford") filed a Motion to Stay Enforcement of Judgment Pending Appeal ("Motion").[1] In the Motion, Gifford seeks a stay of the judgment pending an appeal under Fed. R. Civ. P. 62(b). Plaintiffs filed their Opposition to Gifford's Motion to Stay ("Opposition")[2] and Gifford filed Defendant's Reply in Support of Motion to Stay Enforcement of Judgment Pending Appeal ("Reply").[3] As explained below, the Motion is DENIED.

Rule 62 provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[4] "To obtain a stay pending appeal, a party must establish the following: (1) a strong likelihood of success on the merits;

---

[1] Docket no. 82, filed October 4, 2024.

[2] Docket no. 85, filed October 18, 2024.

[3] Docket no. 89, filed October 25, 2024.

[4] Fed. R. Civ. P. 62.

(2) a threat of irreparable injury absent a stay; (3) no danger of substantial injury to the other parties if the stay is granted; and (4) issuance of a stay is not contrary to the public interest."[5] Beyond the issues about the timing of the Motion or whether a bond is required raised in the Opposition, the Motion is DENIED because based on Gifford's arguments in the Motion and Reply, there is no likelihood of success on appeal and a stay is not warranted.

Gifford argues in his Motion that this court never addressed the fundamental question of ownership of the livestock in question.[6] Gifford additionally argues that he was denied due process and a jury trial, and that he faced partiality.[7] But Gifford again completely ignores the rationale that led to the default judgment against him—***his*** failures to participate in discovery and comply with court orders. In the Report and Recommendation, Magistrate Judge Paul Kohler detailed Gifford's "repeated failures to participate in the litigation."[8] This includes Gifford's "fail[ure] to comply with at least four of this Court's discovery orders."[9] Because of Gifford's failure to appropriately participate, "this case . . . essentially c[a]me to a stand-still."[10] Gifford did not attend the hearing on May 2. 2024, that led to the default judgment he now argues he is likely to have success challenging.[11] Gifford was warned prior to the Report and Recommendation that failure to comply with court orders would result in sanctions which could include default judgment.[12] The Report and Recommendation recommended default judgment against Gifford and the dismissal of Gifford's counterclaims.[13]

---

[5] *In re Fremont Sheep Co.*, 110 F.3d 73 (10th Cir. 1997).

[6] Motion at 3.

[7] Motion at 3-4.

[8] Docket no. 62 at 6, filed May 6, 2024.

[9] *Id.*

[10] *Id.* at 7.

[11] *Id.* at 8.

[12] Memorandum Decision and Order on Plaintiffs' Motion to Compel at 15, docket no. 52, filed February 23, 2024.

[13] Docket no. 62 at 9, filed May 6, 2024.

Gifford did not object to the Report and Recommendation, although he did continue to participate in unproductive ways including later filing documents that this Court described as "nonsensical and nonresponsive."[14] The Report and Recommendation was adopted and default judgment was entered against Gifford based on his failures to properly participate, provide relevant discovery, or comply with court orders.[15] Fed. R. Civ. P. 37 permits sanctions on parties that do not participate in discovery including entry of default judgment.

Gifford's arguments about partiality, the merits of the case including proof of ownership, and the right to a jury trial are irrelevant. Gifford's behavior and failure to participate or follow court orders is the reason default judgment was entered, and this is permitted under the Federal Rules of Civil Procedure. Gifford has continued to ignore the issues that caused default judgment against him and continues to argue about the merits of the case and other irrelevant issues. Gifford cannot show any likelihood of success on the merits, let alone a strong likelihood of success on the merits as is required to justify a stay.

IT IS HEREBY ORDERED that the Motion[16] is DENIED.

Signed April 7, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[14] Memorandum Decision and Order Adopting Report and Recommendation, docket no. 78, filed October 3, 2024.

[15] *Id.*

[16] Docket no. 82, filed October 4, 2024.